IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JANICE M. REYNOLDS,

            Plaintiff

    VS.

JO ANNE B. BARNHART,

            Defendant

NO. 5:06-CV-105 (CWH)

**SOCIAL SECURITY APPEAL**

**O R D E R**

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). All parties have heretofore consented for this matter to be determined by the United States Magistrate Judge.

**HISTORY**

On November 2, 2001, plaintiff JANICE M. REYNOLDS filed an application for Supplemental Security Income payments. The claim was denied initially and on reconsideration. Plaintiff applied for a hearing by an administrative law judge (ALJ) and the ALJ issued an unfavorable decision on March 19, 2004, which was affirmed by the Appeal's Council after the Council permitted inclusion of additional evidence in the record.

The plaintiff had previously filed an application for Supplemental Security Income on January 12, 1999, which was denied initially and on reconsideration and by an ALJ on March 31, 2000. Plaintiff never appealed that decision; thus, consideration of the denial of the plaintiff's benefits before April 1, 2000, is barred by administrative finality and/or *res judicata*.[1] Accordingly, plaintiff's claim of disability, which she contends has been the result of high blood pressure, arthritis, depression, asthma, and carpal tunnel syndrome, will be considered only from April 1, 2000.

---

[1] The plaintiff has not made any legal argument as to why the claims before the March 31, 2000 decision should be included in the instant claim after she did not appeal them. Accordingly, any disability alleged before that date will not be considered.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[2] ***Bloodsworth v. Heckler***, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. ***Harrell v. Harris***, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. ***Bloodsworth****, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. ***Kirkland v. Weinberger***, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. ***Oldham v. Schweiker***, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

---

[2] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. ***Bowen v. Heckler***, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

The plaintiff argues that the ALJ's decision is not based on substantial evidence because she (1) failed to consider the reports of a clinical psychologist and a psychiatric review technique form; (2) rejected the findings of a treating physician and based her decision on an inaccurate and/or incomplete hypothetical posed to the Vocational Expert (VE); and (3) failed to evaluate evidence submitted to the Appeals Council but not the ALJ.

### CLINICAL PSYCHOLOGIST AND PSYCHIATRIC REVIEW FORM

As noted above — and noted in great detail in the Commissioner's brief — the ALJ did not consider the findings of clinical psychologist Michele Martin or the psychiatric review technique form from Dr. Cal Vanderplate because those examinations took place *prior* to the period in question and were barred by res judicata and/or administrative finality. The ALJ's action was appropriate;
his decision to not include the symptoms found by Dr Martin and Dr. Vanderplate in a hypothetical posed to the VE was also appropriate.

## Dr. AHMADI

The ALJ found that the conclusions of Dr. Ahmadi, the plaintiff's treating physician, were inconsistent with the both body of Dr. Ahmadi's findings and with the record as a whole and afforded those conclusions little weight. The ALJ found that Dr. Ahmadi's own notes suggested an improvement in her health after treatment, which included medication. After consistently noting that plaintiff Reynolds had only *mild to moderate* depressive symptoms, however, when Dr. Ahmadi filled out The Psychiatric Review Technique form, he opined that the plaintiff had *moderate* restrictions in her daily living. The ALJ's finding that Dr. Ahmadi's conclusions were inconsistent on this issue is supported by substantial evidence as is the ALJ's decision to afford Dr. Ahmadi's findings little weight.

## NEW EVIDENCE

Plaintiff's final claim for remand is based on the fact that evidence submitted to the Appeals Council, but not to the ALJ, supports her disability. In order to obtain a remand of a case based on new evidence, a plaintiff must show that: (1) there is new, noncumulative evidence; (2) the evidence is material; and (3) there is good cause for the failure to submit the evidence at the administrative level. ***Vega v. Comm'r of Social Sec.***, 265 F.3d 1214, 1218 (11th Cir. 2001).

It is unnecessary to consider the first two prongs of this test, however, because plaintiff Reynolds has not provided "good cause" for her failure to submit the evidence to the ALJ. The only reason given for plaintiff's failure to provide the findings of Dr. Dorchak is that they were not ready at the time of the ALJ's decision. However, at the hearing before the ALJ, the ALJ specifically inquired of plaintiff's counsel whether there was "any reason to hold the record open or [if she] should [] go ahead and make a decision based on what's in the file." Tr. at 368. Counsel for the plaintiff asked the ALJ to make a decision based on the evidence then before the ALJ.

Granting the plaintiff a remand based on information that would have been available to the ALJ within two months of the hearing would give the plaintiff yet another opportunity to have her case heard at an administrative level and multiple levels of appeal. Failure to keep the record open for later inclusion of additional evidence can be attributed to no one but plaintiff and her counsel. There is no justification for now permitting presentation of this "new" evidence.

For the foregoing reasons, the undersigned finds that the ALJ correctly determined plaintiff Reynolds not to be disabled based on the evidence before the ALJ. Accordingly, the Commissioner's decision is **AFFIRMED**

SO ORDERED, this 11th day of MARCH, 2008.



                                              CLAUDE W. HICKS, JR.
                                              UNITED STATES MAGISTRATE JUDGE